IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOHN J. JAQUEZ                                                                                           PLAINTIFF
ADC #151676

v.                                           2:21cv00023-BSM-JJV

DEXTER PAYNE, *et al*.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Brian S. Miller.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.      INTRODUCTION**

Plaintiff sued Arkansas Division of Correction Director Dexter Payne, Delta Regional Unit Warden Christopher Budnik, Deputy Warden Linda Dykes, Chief of Security Percy Arnold, Captains Andre Williams and Stan Smith, Lieutenant Daryl Brown, and Sergeants Steven Mitchell,

Lester Fausnight, and Lyndon Allen, along with unidentified Doe security officials, under 42 U.S.C. § 1983. (Doc. No. 2 at 1-4.) Plaintiff sued all Defendants in their personal and official capacities. (*Id*. at 13.) Plaintiff alleged failure to protect, failure to train, failure to supervise, and failure to investigate. (*Id*. at 12-21.)

As part of the screening process, on March 16, 2021 I advised Plaintiff that his Complaint, as currently pled, failed to state a claim on which relief may be granted and explained why. (Doc. No. 4.) Plaintiff was given thirty days to cure the defects by filing a superseding Amended Complaint. (*Id*. at 10-11.) I explained to Plaintiff what an Amended Complaint should include, if he wished to file one, and cautioned him that "an Amended Complaint renders his original Complaint without legal effect." (*Id*. at 9.) Plaintiff has filed an Amended Complaint. (Doc. No. 5.) I will now continue screening his claims.

## II.     SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has

even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's Amended Complaint is deficient.  Plaintiff sued Arkansas Division of Correction Director Dexter Payne, Delta Regional Unit Warden Christopher Budnik, Deputy Warden Linda Dykes, Chief of Security Percy Arnold, Captains Andre Williams and Stan Smith, Lieutenant Daryl Brown, Sergeants Steven Mitchell, Lester Fausnight, and Lyndon Allen, and Corporal Tiesha Johnson, along with unidentified Doe security officials, under 42 U.S.C. § 1983. (Doc. No. 5 at 2-5.)

#### A.  No Relief Requested; Amended Complaint Left Unsigned

Rule 8 of the Federal Rules of Civil Procedure explains that "[a] pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  FED. R. CIV. P. 8(a)(3).  Federal Rule of Civil Procedure 11 requires that every pleading be signed "by at least one attorney of record . . . or by a party personally if the party is unrepresented."  FED. R. CIV. P. 11(a).

Plaintiff did not sign his Amended Complaint.  (Doc. No. 5.)  He also did not explain the relief he seeks.  (*Id*.)  As such, Plaintiff's Amended Complaint is deficient.

#### B.  Official Capacity Claims Only

In his Amended Complaint, Plaintiff did not specify in which capacity he was suing Defendants.  (Doc. No. 5.)  "[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed

3

that the defendant is sued only in his or her official capacity." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Because Plaintiff did not unambiguously state he was suing Defendants in their personal capacities, I interpret his Amended Complaint as making official capacity claims only. Plaintiff has not alleged that a policy or practice was the driving force behind his alleged violation. Accordingly, Plaintiff failed to state an official capacity claim against any Defendant. *See Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) (internal citations omitted).

### C.     Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Even if Plaintiff had made personal capacity claims, he failed to make any specific allegations against Defendants Payne, Budnik, Dykes, Arnold, Williams, Smith, Brown, Mitchell, Fausnight, Allen, and Does. (Doc. No. 5.) Plaintiff made specific allegations only against Defendant Johnson. Those claim fail not only because Plaintiff sued Defendant Johnson in her official capacity only, but also because Plaintiff failed to explain the relief he seeks.

Plaintiff was warned of the deficiencies in his Complaint, and I explained to him what any Amended Complaint should include, if he chose to file one. (Doc. No. 4 at 3-11.) Plaintiff was

advised to specify the capacity in which he sued Defendants, to provide specific facts against each named Defendant, to explain the reason for any official capacity claim, and to describe the relief he seeks.  (Doc. No. 4 at 9.)   Despite these instructions, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted.

    IT IS, THEREFORE, RECOMMENDED that:

    1.    Plaintiff's Amended Complaint (Doc. No. 5) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

    2.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

    DATED this 19th day of April 2021.

                                    _____
                                    JOE J. VOLPE
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."